```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | |
|---|---|
| S.S., a minor, by and through his Parents and Next Friends, James Stutts and Carol Stutts, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 5:03-20-JMH<br>)<br>) |
| v. | ) **MEMORANDUM OPINION AND ORDER**<br>) |
| EASTERN KENTUCKY UNIVERSITY, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

                    **       **       **       **       **

This matter is before the Court on two motions — Defendants' motion for leave to file a motion for judgment on the pleadings [Record No. 49] and Plaintiff's motion for a scheduling order and lift of the discovery stay [Record No. 50]. Plaintiff filed a response to Defendants' motion [Record No. 51] to which Defendants replied [Record No. 52]. Defendants likewise filed a response to Plaintiff's motion [Record No. 53] to which Plaintiff replied [Record No. 54]. This matter is now ripe for review.

                       **PROCEDURAL BACKGROUND**

This matter is again before this Court on remand from the Sixth Circuit Court of Appeals pursuant to the Sixth Circuit's mandate issued March 31, 2005. By Order dated January 23, 2004, this Court granted summary judgment in favor of Defendants on grounds that Plaintiff had not exhausted his administrative remedies as required by the Individuals with Disabilities Education

Act ("IDEA"), 20 U.S.C. § 1415, prior to filing suit.  This Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed such claims without prejudice.

Because Plaintiff exhausted his administrative remedies during the pendency of the appeal, the Sixth Circuit dismissed the appeal as moot, vacated this Court's Order of dismissal on summary judgment, reinstated all of Plaintiff's claims, and remanded for a merits determination of all of Plaintiff's claims.  Both Plaintiff and Defendants filed supplemental briefs in accordance with this Court's Order entered after reinstatement of Plaintiff's claims. Defendants also filed the instant motion for leave to file a motion for judgment on the pleadings.  Plaintiff opposes Defendants' motion and, instead, requests that the Court lift the general discovery stay entered on October 6, 2003, prior to this Court's ruling on Defendants' motion for summary judgment on the issue of exhaustion, and that the Court enter a general scheduling order to govern further proceedings in this matter.

## DISCUSSION

Defendants seek leave to file a motion for judgment on the pleadings, arguing that much of Plaintiff's complaint fails to state a claim upon which relief may be granted in light of the defenses of sovereign and qualified immunity.  Plaintiff argues that Defendants' motion is untimely and will unnecessarily delay

2

proceedings and that additional discovery must be conducted prior to the parties' full briefing and the Court's consideration of Defendants' motion. The Court addresses each of Plaintiff's arguments in turn.

First, Plaintiff's argument regarding the timeliness of Defendants' motion is without merit. The Federal Rule governing motions for judgment on the pleadings states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where a motion for judgment on the pleadings seeks dismissal of the plaintiff's complaint on grounds that it fails to state a claim upon which relief may be granted, such motion is treated like a motion filed under Fed. R. Civ. P. 12(b)(6). *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). Rule 12(g) — which requires a party to consolidate certain defenses into one motion to avoid waiver of the defenses — is inapplicable to the defense of failure to state a claim. Fed. R. Civ. P. 12(h)(2)("A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."); *see also English v. Dyke*, 23 F.3d 1086, 1089-91 (6th Cir. 1994)(holding that Rule 12(g) does not preclude a party from asserting the qualified immunity defense where the party did not raise it in a pre-answer motion to

3

dismiss).

As this authority indicates, because Defendants' motion for judgment on the pleadings asserts that Plaintiff's complaint fails to state a claim, Defendants' choice not to include the qualified and sovereign immunity defenses in their motion for summary judgment on the issue of exhaustion does not preclude Defendants from now asserting the defenses.[1]  Moreover, the Court disagrees with Plaintiff that addressing Defendants' motion for judgment on the pleadings will result in unnecessary delay.  Specifically, immunity defenses "not only protect[] a defendant from liability but may also protect a defendant from the burdens of trial and discovery."  *English*, 23 F.3d at 1089; *see also Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989).  Accordingly, any delay that will result from Defendants' motion, in the Court's view, is warranted.  *See also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004)("The determination whether the motion [for judgment on the pleadings] is a legitimate one or simply has been interposed to delay the trial is within the

---

[1] This conclusion is further supported by the IDEA, which "clearly contemplates that plaintiffs will exhaust their administrative remedies before bringing a civil action to enforce their rights under the IDEA." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Because administrative remedy exhaustion essentially serves as a prerequisite to filing suit and, as a result, a court should address the exhaustion issue before any other "merits" issues, a defendant should not be precluded from waiting until after the plaintiff has exhausted administrative remedies to raise "failure to state a claim" defenses.

discretion of the judge.").

Second, the Court rejects Plaintiff's argument that the Court should allow the parties to conduct additional discovery prior to ruling on Defendants' motion for judgment on the pleadings. As indicated previously, "[w]here the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, [the court] must apply the standard for a Rule 12(b)(6) motion." *Morgan*, 829 F.2d at 11. Specifically, "[a] motion for judgment on the pleadings shall be granted only where, construing the complaint in the light most favorable to the plaintiff, and accepting all of its factual allegations as true, the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004).

In light of this standard, Plaintiff's argument that additional discovery is necessary is misplaced. For purposes of Defendants' motion, the Court must *assume* that the facts contained in Plaintiff's complaint are true. Rule 12(b)(6) tests the sufficiency of the face of a complaint and, as such, the Court need not allow additional discovery. *See Mixon v. Ohio*, 193 F.3d 389, 400 n.9 (6th Cir. 1999)(finding that the district court did not err in denying the plaintiffs additional discovery prior to ruling on the defendants' Rule 12(c) motion because the court "made determinations of law on all of the issues based on the pleadings"); *Morgan*, 829 F.2d at 12 n.2 (denying Plaintiff's

5

request to supplement the pleadings "because a Rule 12(b)(6) motion is addressed to the face of the pleading"). If, as Plaintiff suggests, there are facts that, if proven, would preclude Defendants from obtaining judgment on immunity grounds, and if such facts are "consistent with [Plaintiff's] allegations," then judgment in favor of Defendants is unwarranted. *Morgan*, 829 F.2d at 12. Plaintiff's argument, however, does not preclude the Court from addressing the sufficiency of Plaintiff's complaint absent additional discovery.

On the other hand, the Court agrees with Plaintiff that further delay in discovery is unwarranted with respect to those claims for which Defendants have *not* moved for judgment on the pleadings. Accordingly, the Court shall lift the discovery stay to the extent of such claims and shall enter a general scheduling order to govern further proceedings in this matter. In the event that the Court finds that dismissal of any of Plaintiff's claims addressed in Defendants' Rule 12(c) motion is unwarranted, the Court shall at that time enter an Order governing further proceedings with regard to such claims.

**CONCLUSION**

Accordingly, **IT IS ORDERED**:

(1) that Defendants' motion for leave to file a motion for judgment on the pleadings [Record No. 49] be, and the same hereby is **GRANTED**;

6

(2)   that Defendants' proposed motion for judgment on the pleadings and proposed memorandum of law in support thereof filed April 22, 2005 be, and the same hereby are, **DEEMED FILED**;

(3)   that Plaintiff shall have up to and including fifteen (15) days following entry of this Order to file a response to Defendants' motion for judgment on the pleadings;

(4)   that Defendants shall have up to and including eleven (11) days following service of Plaintiff's response to file a reply;

(5)   that Plaintiff's motion for a scheduling order and lift of the discovery stay [Record No. 50] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

(6)   that the discovery stay **SHALL BE LIFTED** to the extent of Plaintiff's Rehabilitation Act claims against all three Defendants in Counts IV-VI of the complaint and tortious failure to protect claim against Defendants Jacqueline Vance and Ellen Rini in their individual capacities in Count VIII of the complaint;

(7)   that the Scheduling Order filed contemporaneously with and of same date as this Memorandum and Order **SHALL GOVERN** further proceedings in this matter with respect to the claims addressed in (6) above; and

(8)   that discovery shall **REMAIN STAYED** to the extent of all other claims in Plaintiff's complaint until further Order of the Court following the Court's consideration of Defendants' motion for

judgment on the pleadings.

This the 23rd day of May, 2005.



Signed By:

*Joseph M. Hood*

United States District Judge